# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARK SANDERS, and
DIANA SANDERS,

     Plaintiffs,

v.

ANNE FLEMING,
SHAWN ERIKSON, and
SAVATREE, LLC

     Defendants.

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COME NOW, MARK SANDERS and DIANA SANDERS, "Plaintiffs", complaining of ANNE FLEMING, SHAWN ERIKSON, and SAVATREE, LLC., and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises from a motor vehicle collision that injured MARK SANDERS and DIANA SANDERS on or about July 12, 2019.

### PARTIES

2. Plaintiff, MARK SANDERS, is a resident of Harris County, Texas.

3. Plaintiff, DIANA SANDERS, is a resident of Harris County, Texas.

4. Defendant, ANNE FLEMING, is an individual who is a resident of El Paso County, Colorado and may be served with process at **10790 Grandview Avenue, Green Mountain Falls, Colorado 80819,** or wherever she may be found. **A summons is requested at this time.**

5. Defendant, SHAWN ERIKSON, is an individual who is a resident of El Paso County, Colorado and may be served with process at **3100 Wood Avenue. Unit F8, Colorado Springs, Texas 80907,** or wherever he may be found. **A summons is not requested at this time.**

6. Defendant, SAVATREE, LLC., is a foreign for-profit business entity and may be served with process by serving its registered agent, CT CORPORATION SYSTEM, at **28 Liberty Street, New York, New York 10005**. **A summons is not requested at this time**.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, there is complete diversity among the parties.

8. Venue is properly before this Court under 28 USC § 1391(b)(3), because a defendant is subject to the court's personal jurisdiction.

## BACKGROUND FACTS

9. On or about July 12, 2019, Plaintiffs, MARK SANDERS AND DIANA SANDERS, were severely injured when the vehicle they were lawfully operating was struck by the Defendants. Plaintiffs were traveling in the left lane of the road. Defendant ANNE FLEMING turned into the acceleration lane of the highway causing Defendant SHAWN ERIKSON to swerve. Defendant SHAWN ERIKSON, while operating a motor vehicle owned and/or leased by Defendant, SAVATREE, LLC., was also traveling on the right lane when Defendant SHAWN ERIKSON failed to keep a proper lookout, failed to maintain an assured clear distance, failed to make a safe lane change and suddenly and without warning, swerved twice into Plaintiffs' lane and then collided with

Plaintiffs' vehicle. Defendant, SHAWN ERIKSON, was negligent while operating a motor vehicle and the negligence of Defendant was the sole and proximate cause of Plaintiffs' injuries and damages complained of in this suit. SHAWN ERICKSON was in the course and scope of his employment with SAVATREE, LLC. at the time of the incident.

10. Nothing Plaintiffs did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendants named herein which proximately caused the occurrence in question and Plaintiffs' resulting injuries and damages.

## NEGLIGENCE OF ANNE FLEMING

11. Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

12. Defendant ANNE FLEMING'S negligent acts and omissions proximately cause the accident and injuries described herein, said negligent acts and omissions being comprised of the following:

   a. Failing to maintain a proper lookout;

   b. Failing to make proper application of the brakes of her vehicle;

   c. Failing to make timely application of the brakes of her vehicle;

   d. Failing to maintain an assured clear distance;

   e. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

   f. Being inattentive and failing to maintain proper control of her vehicle;

   g. Operating her vehicle in a reckless manner; and

   h. Failing to control her speed.

13. The negligence of Defendant ANNE FLEMING was a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

## NEGLIGENCE OF SHAWN ERIKSON

14. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporates the same where relevant.

15. Defendant SHAWN ERIKSON'S negligent acts and omissions proximately cause the accident and injuries described herein, said negligent acts and omissions being comprised of the following:

    a. Failing to maintain a proper lookout;

    b. Failing to make proper application of the brakes of his vehicle;

    c. Failing to make timely application of the brakes of his vehicle;

    d. Failing to maintain an assured clear distance;

    e. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

    f. Being inattentive and failing to maintain proper control of his vehicle;

    g. Disregarding stop signs and traffic signals;

    h. Operating his vehicle in a reckless manner; and

    i. Failing to control his speed.

16. The negligence of Defendant SHAWN ERIKSON was a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

## CAUSE OF ACTION: RESPONDEAT SUPERIOR

17. Defendant SAVATREE, LLC. is legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result, thereof, Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

18. Defendant, SHAWN ERICKSON, was an agent, servant, and/or agent acting within the scope of his employment with Defendant SAVATREE, LLC.

### CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, AND SUPERVISION

19. Defendant SAVATREE, LLC. was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise Defendant SHAWN ERICKSON. Defendant SAVATREE, LLC failed to provide proper training and instruction to Defendant SHAWN ERICKSON, which would have provided him with the proper skills and knowledge to avoid the collision made the basis of this lawsuit. Defendant SAVATREE, LLC's negligence in the hiring of and failure to properly instruct and train their driver was a proximate cause of the accident and Plaintiffs' injuries and damages.

### DAMAGES

20. The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiffs' serious injuries.

21. As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff MARK SANDERS suffered injuries and damages including the following:

1)   Past and future physical pain and suffering;

2)   Past and future mental anguish;

3)   Past and future impairment;

4)   Past and future medical expenses;

5)   Past and future lost wages; and

6)   Past and future lost earning capacity.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that, upon final trial, Plaintiffs recover the following:

A. Actual damages;

B. Post-judgment interest as allowed by Federal Law;

C. Court costs, fees and other expenses; and

D. Other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Sam K. Mukerji*
Sam K. Mukerji
No.: 1064231
Jonathan E. Bleyer
No.: 2496379
**MUKERJI LAW FIRM**
2405 Smith Street
Houston, TX 77006
Telephone: (713) 222-1222
E-mail: litigation@mukerjilaw.com

**ATTORNEYS FOR PLAINTIFFS
MARK SANDERS
DIANA SANDERS
604 LYNDALE DRIVE
HIGHLANDS, TEXAS 77562**